NOT DESIGNATED FOR PUBLICATION

NO. 127,175

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

STANLEY WAYNE WOOLEY JR.,
*Appellant.*


MEMORANDUM OPINION

Appeal from Harvey District Court; MARILYN M. WILDER, judge. Submitted without oral argument. Opinion filed April 25, 2025. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.


Before PICKERING, P.J., BRUNS and SCHROEDER, JJ.


PER CURIAM: Stanley Wayne Wooley Jr. appeals the district court's denial of his K.S.A. 60-1507 motion stemming from his plea of no contest to the charge of aggravated battery which took place in 2013. After a non-evidentiary hearing on the K.S.A. 60-1507 motion, the district court found both that his motion was untimely filed and that Wooley had failed to show manifest injustice to excuse his belated filing. Based on our review of the record on appeal, we agree with the district court that Wooley's K.S.A. 60-1507 motion was untimely and that he failed to establish manifest injustice to justify his belated filing. Thus, we affirm.

1

FACTS

On April 30, 2013, the State charged Wooley with one count of aggravated battery, one count of possession of methamphetamine with an intent to distribute, one count of felony possession of drug paraphernalia, and one count of misdemeanor possession of drug paraphernalia in Harvey County case No. 13-CR-200. The district court held a preliminary hearing on August 14, 2013. At the preliminary hearing, the victim testified that Wooley punched her in the nose without legal provocation. The State also provided a photograph of what the victim's nose looked like after the altercation.

The victim also testified that after being struck by Wooley, her nose became "crooked" and "swollen." In addition, Officer Jordan Garber testified that when he arrived at the scene, he noticed the victim's "nose was crooked and bleeding." The victim then went to the hospital to receive medical treatment for her injuries. According to the victim, she "had a follow-up [appointment] about a week later and they pretty much said that [her] nose was broke[n]." She testified that her health care providers explained to her that she "might have to have surgery" to repair her nose. Officer Garber testified that the victim later let him into her residence that she shared with Wooley. In the residence, Garber discovered a small amount of methamphetamine that Wooley confessed to using and selling to support his drug habits. At the conclusion of the preliminary hearing, the district court bound Wooley over for trial on all charges.

As to the aggravated battery charge, the district court explained:

"[I]t's clear from the testimony [Wooley] struck her in the nose. I looked through her testimony and[—]it indicates that she did have a broken blood vessel, a broken nose and bone out of place. Absolutely that's great bodily harm, disfigurement. . . . I am relying on great bodily harm. Striking somebody, breaking blood vessels and breaking their nose [which] require[es] follow-up surgery with a bone[—]if that's not great bodily harm, I

2

have no clue what it means. This falls squarely with the intent of the legislature on these kind[s] of things."

Wooley later entered a plea agreement with the State in this case as well as in several other pending cases against him. In exchange for his plea, the State recommended that the district court grant Wooley a dispositional departure and place him on probation—in all of his cases—along with community corrections supervision. The district court accepted Wooley's plea of no contest and found him to be guilty of aggravated battery and possession with the intent to distribute methamphetamine. On January 3, 2014, the district court sentenced Wooley to probation in each of his pending cases as recommended in the plea agreement.

Material to this case, Wooley received a 60 months' sentence for aggravated battery and 15 months for possession with the intent to distribute methamphetamine. And his underlying sentences were ordered to run consecutive to one another. Still, the district court suspended his sentences and placed Wooley on probation for a period of 36 months. The district court implored Wooley to change his conduct "because [he did not] have any room for error on this."

As the district court explained to Wooley:

"[Y]ou got one of the most incredible deals I've seen in recent history. You could have gone to prison for years and years and years and years had you been convicted on all of this. You didn't."

"You've been given a chance to remain in the community. Maybe you think you were done wrong. I couldn't comment on that other than to say of what you got, the negotiations you entered into, [saying that] you got a sweetheart of a deal would be an understatement as far as I'm concerned. You got an excellent deal, but that's my perspective. You may disagree with that."

Unfortunately, Wooley did not heed the district court's advice and violated the terms of his probation on several occasions. In April and August of 2014, he tested positive for methamphetamine. He also failed to report to his probation officer four times between April and August of 2014. Later, Wooley reached another omnibus plea agreement with the State in multiple cases after committing several new crimes. Significant to the case that is the subject of this appeal, the district court revoked Wooley's probation on August 23, 2016, after he stipulated to the State's allegations against him.

On August 10, 2022, Wooley filed a pro se motion to modify his sentence in this case but later chose not to pursue that motion. Instead, on May 25, 2023, his court appointed attorney filed a K.S.A. 60-1507 motion on his behalf. In the K.S.A. 60-1507 motion, Wooley asserted that his original attorney had provided him with ineffective assistance of counsel. Alternatively, Wooley asked the district court for the opportunity to withdraw his plea.

The district court held a non-evidentiary hearing on October 10, 2023, over Wooley's K.S.A. 60-1507 motion. At the hearing, Wooley's counsel argued that the district court should find manifest injustice for his belated filing because he was actually innocent. Specifically, Wooley's attorney claimed that she could show "that there wasn't a follow-up [medical visit], [and] that [the victim made] a one-time visit at the ER [which was] all that happened." The defense attorney also argued that Wooley's original attorney should have "subpoena[ed] . . . Newton Medical Center . . . for the [records]."

In response, the State argued that Wooley's motion was barred for untimeliness. The State further contended that Wooley's plea agreement involved "a cost benefit analysis by both parties." This was because "defense counsel had a variety of charges and cases he was examining in trying to get [Wooley] the best deal he could." The State also stressed that Wooley was not making "a claim of actual innocence" but was really

4

challenging "the sufficiency of the evidence" which supported his plea. At the conclusion of the hearing, the district court took the motion under advisement.

On December 6, 2023, the district court denied Wooley's K.S.A. 60-1507 motion. In doing so, the district court found that his motion was untimely and that he failed to meet his burden of showing manifest injustice to permit consideration of his untimely motion. As the district court explained:

> "The Defendant's burden under K.S.A. 60-1507 is to show that it is more likely than not that no reasonable juror would have convicted him on the basis of the new evidence, the medical records he produced. The Court cannot find that he has met that burden given the totality of the medical record information and the evidence before the Court from the preliminary hearing. The medical record shows that the emergency room physician noted that the victim's nose was 'pointed to the left' and there were broken blood vessels and significant bleeding from the right side of her nose. The medical records show that she was referred for follow-up care with a specialist which would presumably not be necessary for a simple bloody nose. The medical records indicate that the victim complained of sharp, throbbing pain in her face. The victim's testimony was that she had that follow-up appointment and surgery was recommended but that she couldn't afford the surgery at that time. Whatever injury Mr. Wooley inflicted required surgery to repair. That appears consistent with great bodily harm and/or with disfigurement. The Court cannot find that no reasonable juror would convict Mr. Wooley with the medical records produced by him. The court denies the Motion to Withdraw Plea under K.S.A. 60-1507 as being untimely and without a showing of manifest injustice."

Additionally, the district court found that Wooley "presented no evidence to overcome a presumption that counsel's assistance was reasonable." The district court acknowledged coming to this conclusion after "[c]onsidering the totality of the cases and plea bargain[.]" Thereafter, Wooley timely appealed to this court.

ANALYSIS

On appeal, Wooley contends that the district court erroneously failed to hold an evidentiary hearing to consider his K.S.A. 60-1507 motion. He reasons that the district court improperly found his K.S.A. 60-1507 motion to be untimely because he made a "'colorable claim of actual innocence'" which sufficiently established manifest injustice to extend the filing deadline. Although Wooley concedes that he struck the victim in the nose, he argues that the State did not provide sufficient evidence to support his no contest plea to the charge of aggravated battery.

In response, the State contends that Wooley's K.S.A. 60-1507 motion is barred for untimeliness. And his failure to show manifest injustice prohibits this court from considering the untimely filing. The State also maintains that Wooley has not shown that no reasonable juror would have convicted him of aggravated battery. The State points to the law in effect at the time of Wooley's crime and claims that the evidence presented—at the preliminary hearing and proffered at the plea hearing—was sufficient to justify the district court's acceptance of his no contest plea.

Here, the district court held a non-evidentiary hearing after the appointment of counsel. As a result, we review the district court's findings of fact to determine whether the findings are supported by substantial competent evidence and whether they are sufficient to support the district court's conclusions of law. At the same time, our review of the district court's conclusions of law—along with its ultimate decision to grant or deny the K.S.A. 60-1507 motion—is unlimited. *State v. Adams*, 311 Kan. 569, 578, 465 P.3d 176 (2020).

Absent exceptional circumstances, an action filed under K.S.A. 60-1507 must be brought within one year of the final appellate order issued in the underlying criminal case. K.S.A. 2024 Supp. 60-1507(f)(1)(A). This deadline may be extended only to

prevent manifest injustice. K.S.A. 2024 Supp. 60-1507(f)(2)(A)-(B). If a district court does not determine that the dismissal of an untimely filed K.S.A. 60-1507 motion would result in manifest injustice, it "must dismiss the motion as untimely filed." K.S.A. 2024 Supp. 60-1507(f)(3). Because it is undisputed that Wooley's K.S.A. 60-1507 motion was untimely filed, he must establish manifest injustice. See K.S.A. 2024 Supp. 60-1507(f)(2)(A)-(B).

One way a movant can show manifest injustice is by making "a colorable claim of *actual innocence*." (Emphasis added.) K.S.A. 2024 Supp. 60-1507(f)(2)(A). To do so, the movant must show that "it is more likely than not that no reasonable juror would have convicted the [movant] *in light of new evidence*." (Emphasis added.) K.S.A. 2024 Supp. 60-1507(f)(2)(A). Based on our review of the record on appeal, we find that Wooley has failed to show actual innocence nor has he come forward with evidence demonstrating any information not already before the district court.

The Kansas Supreme Court has explained that merely using the term "actual innocence"—in an attempt to defeat the statutory bar—is not the same as a substantive claim of actual innocence. *Beauclair v. State*, 308 Kan. 284, 296-301, 419 P.3d 1180 (2018). In other words, simply alleging actual innocence is not enough to overcome the statutory prohibition against the filing of untimely K.S.A. 60-1507 motions. 308 Kan. at 302. Rather, courts must evaluate the evidence to determine what a reasonable and properly instructed jury would do. 308 Kan. at 301.

It is not the function of the district court or appellate courts "to make an independent factual determination about what likely occurred, but rather to assess the likely impact of evidence on reasonable jurors." 308 Kan. at 301. As a result, a movant has the burden to show that it is "more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." 308 Kan. at 301 (quoting K.S.A. 2017 Supp. 60-1507(f)(2)[A]). In the present case, Wooley's purported "new evidence"–

7

in the form of the victim's medical records—did not present any additional information critical to the district court's factual determination.

Wooley concedes that he struck the victim in the nose which injured her. A review of the record confirms that the victim's nose was still visibly "crooked" at the time of the preliminary hearing. The victim testified that she received medical treatment because of Wooley's action. Likewise, the district court found the victim's testimony—alongside the other evidence presented at the preliminary hearing—was persuasive in finding that Wooley had inflicted great bodily harm to the victim. And in denying Wooley's K.S.A. 60-1507 motion, the district court determined—based on a review of the evidence in the record—that it could not conclude that no reasonable juror would have convicted Wooley of aggravated battery.

Accordingly, we find that Wooley has not come forward with any new evidence to establish actual innocence. Similarly, we find that Wooley has failed to show manifest injustice nor has he adequately explained what prevented the timely filing of his K.S.A. 60-1507 motion. We also find—based on our review of the evidence in the record—that a reasonable juror could have found Wooley guilty of aggravated battery beyond a reasonable doubt. Therefore, we affirm the district court's decision as Wooley's untimely K.S.A. 60-1507 motion did not entitle him to an evidentiary hearing.

Affirmed.